In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Executor of GEORGE E. LEONARD, Deceased.

Surrogate's Court, Kings County, November 1, 1951.

*Joseph Perlmutter* for executor, petitioner.

*Ganson J. Baldwin* for Connecticut General Life Insurance Company, respondent.

*Le Vine & Schechter* for Prudential Insurance Company of America, respondent.

*Haughton Bell* for Mutual Life Insurance Company of New York, respondent.

*T. De Witt Dodson* for Metropolitan Life Insurance Company, respondent.

*Daniel Miner* for Aetna Life Insurance Company, respondent.

*Winthrop, Stimson, Putnam & Roberts* for Penn Mutual Life Insurance Company, respondent.

*James S. Brown, Jr.,* special guardian.

RUBENSTEIN, S. The executor seeks the proration and allocation of estate taxes against the funds held by various insurance companies and against the recipients of certain insurance settlements.

The testator died February 21, 1948, leaving an estate subject to Federal estate tax. At his death, the testator possessed thirteen policies of life insurance in an aggregate of .324 of the total net estate. Twelve of these policies of insurance are being paid to the named beneficiaries in stated periodic installments in accordance with the terms of each policy. The thirteenth policy was paid on death to the widow and a daughter, the named beneficiaries.

The insurance companies that have answered pray that the beneficiaries be required to return the policies for recasting to properly reflect the appropriate adjustments if payment. be required from the respective funds. The two beneficiaries who have received in full the insurance of one policy have neither appeared nor responded.

The insurance contracts in whatever form are deemed to establish a fund for the payment of estate taxes and the benefits accruing under the policies are deemed to be readjusted on an actuarial basis to the amount which would be payable had the policy terms in express words provided for the immediate payment of the death tax by the insurance companies (*Matter of Scott,* 158 Misc. 481, 486, affd. 249 App. Div. 542, affd. 274 N. Y. 538).

The manner of tax computation and allocation of tax to each of the policies appears to be correct and is adopted. The insurance companies are authorized to deduct the amounts which the executor is entitled to have paid to it by the respective insurance companies from the benefits accruing to the beneficiaries under the respective policies. The beneficiaries holding the policies or other evidences of interest are directed to return and surrender them to the various insurance companies who are directed to modify their policies as to actuarially reduce the remaining installment payments so as to reflect the allocated

taxes to be paid by each of the insurance companies to the executor.

The widow and daughter recipients of a policy proceeds are likewise each required to make the tax payment allocated to their insurance benefit.

Settle decree, on notice, accordingly.